IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERRA V. BOWDEN** | : | Civil No. 1:17-CV-01999 |
| Plaintiff, | : | |
| v. | : | |
| **DB SCHENKER** | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Presently before the court is a motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 11(c)(1) filed by Defendant DB Schenker ("Defendant"). (Doc. 18a.) Defendant has filed a brief in support of its request for fees and costs, and Plaintiff has failed to file a responsive brief long after the deadline to do so. Accordingly, Defendant's fee petition is ripe for disposition. For the reasons discussed below, Defendant's motion will be granted.

## I.      **Factual Background and Procedural History**

Because the court writes primarily for the parties, the recitation of the factual and procedural background will be limited to the necessary facts to dispose of Defendant's motion for attorney's fees and costs. Plaintiff originally filed a complaint in the Eastern District of Pennsylvania, which that court dismissed in its entirety with prejudice. *See Bowden v. DB Schenker*, No. 16-cv-1272, 2016 WL 3981354, *1 (E.D. Pa. July 26, 2016). Plaintiff timely appealed, and on May 31, 2017, the United States Court of Appeals for the Third Circuit affirmed the Eastern

District's decision, *see Bowden v. DB Schenker*, 693 F. App'x 157, 158-59 (3d Cir. 2017), and subsequently denied Plaintiff's request for rehearing *en banc*.

On October 2, 2017, Plaintiff nonetheless filed a materially identical complaint in the Court of Common Pleas for Cumberland County at docket number 2017-7277. Despite being notified by counsel for Defendant that the complaint was precluded as duplicative of the complaint dismissed by the Eastern District and that Defendant intended to seek sanctions against Plaintiff's counsel if the complaint was not withdrawn, Plaintiff did not voluntarily dismiss the complaint. Defendant removed the matter to this court (Doc. 1) and filed a motion to transfer venue to the Eastern District of Pennsylvania (Doc. 4) and a motion to dismiss based on the doctrine of *res judicata* (Doc. 6). In its motion to dismiss, Defendant reiterated its position that the matter was precluded and that it intended to seek sanctions if it was not withdrawn. Counsel for Plaintiff did not withdraw the complaint, and on December 12, 2017, Defendant filed a motion seeking sanctions. (Doc. 9.)

Plaintiff filed a brief in opposition to the motion for sanctions, but failed to respond to the motions to transfer and dismiss. On March 8, 2018, this court granted Schenker's motion to dismiss on *res judicata* grounds. (Doc. 17.) Because the court reached the merits of the motion, Defendant's motion to transfer venue was deemed moot. (*Id.*) The court additionally found that Plaintiff's claims

were clearly precluded by the Eastern District's decision and, thus, Plaintiff's complaint was frivolous. Accordingly, the court granted Defendant's motion for sanctions. (*Id.*) On March 22, 2018, Defendant filed the instant motion for attorney's fees and costs. (Doc. 18.) On April 9, 2018, Plaintiff appealed from this court's March 8, 2018 order. (Doc. 20.) This court stayed Defendant's motion for attorney's fees on April 16, 2018, pending disposition of the appeal. (Doc. 22.) By order dated November 6, 2018, the United States Court of Appeals for the Third Circuit noticed this court that the parties had stipulated to dismissal of Plaintiff's appeal. (Doc. 23.) Defendant subsequently filed a letter dated November 12, 2018, stating that Defendant was relying on its previously filed motion for attorney's fees and brief in support thereof. (Docs. 18, 19.) Plaintiff has not filed a response to Defendant's fee petition despite the deadline for any responses thereto being April 5, 2018, four days prior to Plaintiff's notice of appeal and eleven days prior to this court's order staying the matter pending appeal. *See* Local Rule 7.6; (Docs. 20, 22). Thus, the matter is ripe for disposition.

## II. Legal Standard

In its order granting Defendant's motion to dismiss and accompanying memorandum, this court previously held that sanctions in the form of attorney's fees and costs were warranted due to Plaintiff's conduct in filing frivolous and duplicative claims. (*See* Docs. 16, 17.) Accordingly, the court now need only

assess the appropriate amount of attorney's fees to be awarded. If a court concludes that an award of fees is warranted, the initial estimate of reasonable attorney's fees shall be determined by applying the "lodestar" method of calculation. *Blum v. Stetson*, 465 U.S. 886, 888 (1984). The lodestar number is calculated by multiplying the number of hours reasonably expended on litigation times the reasonable hourly rate. *Id.* In determining the reasonable rate, the court looks to the prevailing market rates in the relevant community and compares the rates to those for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). The party seeking attorney's fees bears the burden of demonstrating that the requested hourly rates are reasonable. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The court will then review the time charged and eliminate "excessive, redundant, or otherwise unnecessary" fees. *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (citations omitted).

## III. Discussion

### A. Reasonable Rate

Counsel for Defendant, Steven K. Ludwig, submitted a declaration detailing the rates, skill, experience, and reputation of himself, Brian J. McGinnis, an

4

associate, and Lauren Murray, a paralegal.[1] (Doc. 18-3.) Defendant additionally provided very detailed and comprehensive billing statements from Fox Rothschild LLP related to its defense of Defendant in the instant case. (Doc. 18-4.) Moreover, counsel for Defendant recognized that "[t]he prevailing rates in this district are lower than the standard rates for my own, Mr. McGinnis's, and Ms. Murray's services," and adjusted his standard billing rates accordingly. (Doc. 18-3, ¶¶ 11-13.)

A "lodestar calculation is presumed to be a reasonable calculation of attorneys' fees." *Borrell v. Bloomsburg Univ.*, 207 F. Supp. 3d 454, 506 (M.D. Pa. 2016) (citing *Washington v. Phila. Cnty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996)). An "opposing party may object to the lodestar calculation, calling into question either the reasonableness of the hourly rate requested or the reasonable hours expended." *Borrell,* 207 F. Supp. 3d at 506 (citing *Clarke v. Whitney*, 3 F. Supp. 2d 631, 633-34 (E.D. Pa. 1998)). The opposing party bears "'the burden of proving that it is appropriate [to adjust the lodestar], and if that burden is met, 'the lodestar amount may be increased or decreased at the discretion of the District Court.'" *Borrell*, 207 F. Supp. 3d at 506 (quoting *Dee v. Borough of Dunmore*, No. 3:05-cv-1342, 2013 WL 685144, *4 (M.D. Pa. Feb. 25, 2013)).

---

[1] The lodestar method and standard also apply to fees for paralegal services. *See Missouri v. Jenkins*, 491 U.S. 274, 285-86 (1989).

Ludwig avers that he is a partner at Fox Rothschild and has been practicing law for over thirty years. (Doc. 18-3, ¶3.) He further avers that McGinnis is an associate with Fox Rothschild, a 2015 graduate of Rutgers School of Law-Camden, and has practiced law for three years, and that Murray has been employed as a paralegal for approximately six years. (*Id.* at ¶¶ 5, 6.) Their standard billing rates are $715.00 per hour, $345.00 per hour, and $230.00 per hour, respectively. (*Id.* at ¶¶ 3-6.) As noted above, Defendant's fee petition requested significantly lower rates in recognition of the disparity between the prevailing rates in the Philadelphia locality and the Middle District. Thus, Defendant has requested rates for Ludwig at $375, $150 for McGinnis, and $100 for Murray. (*Id.* at ¶11.) Because Defendant has introduced evidence in the form of declarations and client billing statements, and Plaintiff fails to offer any objections or evidence to the contrary, the court finds that the rates requested by Defendant are reasonable.[2]

**B. Reasonable Hours**

Plaintiff does not raise objections to any time billed by Fox Rothschild to Defendant. *See Borrell*, 207 F. Supp. 3d at 507 (M.D. Pa. 2016) ("The party opposing the fee petition [] has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the

---

[2] Although the cases at issue are dissimilar, the rates requested by counsel for Defendant are approximate to those rates approved of in *Borrell* despite rebuttal evidence presented by the party opposing an award of fees in that case. *See Borrell*, 207 F. Supp. 3d at 511.

requested fee.") (internal citations omitted). The court performed an independent review of the hours billed in this matter and finds that all hours billed were reasonable, non-duplicative, and related to Defendant contesting Plaintiff's frivolous action in this court or in the state court action, prior to its removal. The court does note, however, that the declaration submitted by Ludwig provides that $3,607.50 in billable hours had not yet been billed to Defendant. (Doc 18-3, ¶13.) Defendant has not supplemented its fee petition to provide any updated bills.

Based on the billing statements provided by Defendant, the court finds the hours billed to the underlying litigation to be reasonable as set forth in the table below.[3]

| Attorney Name | Hourly Rate | Hours Billed | Total Amount Billed |
|---|---|---|---|
| Ludwig | $375 | 21.3 | $7,987.50 |
| McGinnis | $150 | 73.7 | $11,055.00 |
| Murray | $100 | 3.6 | $360.00 |
| Total | | | $19,402.50 |

---

[3] Because the rates charged in the billing statements submitted by Defendant (Doc. 18-4) reflect the standard rather than adjusted rates and also do not appear to reflect the 10% "courtesy adjustment" given to Defendant by Fox Rothschild, (Doc. 18-3, ¶ 12 n.1,) the court gleans only the number of hours billed from the billing statements.

In addition to the amounts listed in the table above, Ludwig's declaration notes that "unbilled legal fees" not included in the billing statements, yet related to the preparation of the fee petition, are as follows:

> (a) 1.7 hours by Mr. Ludwig and (b) 19.8 hours by Mr. McGinnis. At [Defendant's] requested rates, these fees calculate to $637.50 and $2,970.00, respectively, for a total of $3,607.50.

(Doc. 18-3, ¶13.) The Third Circuit has often held that "fees on fees" are permissible if the district court finds that the number of hours expended in drafting the fee petition is reasonable. *See United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 141 (3d Cir. 2018) (citing *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978); *Citizens Council of Del. Cty. v. Brinegar*, 741 F.2d 584, 594 (3d Cir. 1984) ("The determination of whether attorneys' fees are reasonable is for the district court. . ."). With regard to the number of hours spent preparing the instant fee petition, "judges within the Middle District of Pennsylvania have generally 'awarded fees in the range of 15 to 23 hours for similar petitions.'" *Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 10-cv-1559, 2016 WL 1076910, *9 (M.D. Pa. Mar. 18, 2016) (quoting *Walker v. Gruver*, No. 11-cv-1223, 2013 WL 5947623, *17 (M.D. Pa. Nov. 5, 2013)). Although the 21.5 total hours expended on the fee petition is at the higher end for hours spent on a fee petition, especially considering the relative brevity of the petition and accompanying brief, Plaintiff has not objected to the reasonableness of the hours

billed in preparing the fee petition, and the court finds no indication that the hours were unreasonably spent. *See Danny Kresky Enters. Corp. v. Magid*, 716 F.2d 215, 219 (3d Cir. 1983) (23.9 hours were reasonable for 48 pages of summary and legal argument, 17 pages of detailed billing and costs records, and 26 pages of unreported opinions). Accordingly, the court finds that an additional award of attorney's fees in the amount of $3,607.50 for preparation of the instant fee petition is warranted.

As noted above, Plaintiff did not file a response to Defendant's fee petition and, thus, did not raise any objections to the rates or hours billed by Defendant. Accordingly, this court may not *sua sponte* reduce any hours absent such an objection. *United States ex rel. Palmer*, 897 F.3d at 137; *Berkoben v. Aetna Life Ins. Co.*, No. 12-cv-1677, 2014 WL 3565959, *15 (W.D. Pa. July 18, 2014) ("The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party.") (citing *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3d Cir. 1989)); *contra Savin ex rel. Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 318 (2008) (distinguishing *Bell* and concluding that a court may reduce fees without objection if it has "personal knowledge of certain proceedings" or other "actual or experiential foundation" to reduce fees). In any event, the court undertook an independent review of the rates charged and the hours expended in litigating the underlying claim and the instant

fee petition and found the hours expended to be reasonable. Accordingly, because Plaintiff failed to raise any objections, and the court finds that no hours were unreasonably charged, Defendant will be awarded attorney's fees in the amount of $23,010.00.[4]

## IV. Conclusion

For the above-stated reasons, Defendant's motion for attorney's fees and costs (Doc. 18) will be granted in part. Defendant shall be awarded attorney's fees in the amount of $23,010.00, and costs in the amount of $350.00 for a total award of $23,360.00. An appropriate order follows.

                                                      s/Sylvia H. Rambo
                                                     SYLVIA H. RAMBO
                                                     United States District Judge

Dated: January 16, 2019

---

[4] Defendant additionally requests an award of costs in the amount of $400.00 for "the filing fee to remove this case to federal court." (Doc. 18-3, ¶15.) It is unclear how Defendant arrived at this number as the filing fee for a removal in this district is set at $350.00. 28 U.S.C. § 1914; *see also,* https://www.pamd.uscourts.gov/paygov. Accordingly, the court finds sufficient evidence to warrant an award of costs in the amount of $350.00. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, No. 94-cv-7316, 2008 WL 191167, *2 (E.D. Pa. Jan. 22, 2008) (citing *Schauffler v. United Ass'n of Journeymen, Local 420*, 246 F.2d 867, 870 (3d Cir. 1957) ("In any event, the costs were verified . . . to the satisfaction of the district court.").